UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID BROOKS POKORNY,

Defendant.

Case No. 26-cr-00018-JST-1

**ORDER ON MOTION TO SUPPRESS**

Re: ECF No. 35

Before the Court is Defendant David Brooks Pokorny's motion to suppress evidence obtained using three warrants. The first warrant, dated September 8, 2025, contained little information but identified the property to be searched and seized via reference to "Attachment A" and "Attachment B," respectively. ECF No. 35-2 at 2; ECF No. 35 at 5. The second challenged warrant was a *Ramey* or probable cause warrant to arrest Mr. Pokorny, signed on October 1, 2025 by a superior court judge. ECF No. 35-2 at 5. The affidavit supporting this warrant was "based entirely on allegations that someone using an email account subscribed to by Mr. Pokorny had sent threatening or harassing emails to the email address of the mayor of Oakland." ECF No. 35 at 5; ECF No. 35-2 at 9. Finally, on October 6, 2025, a superior court judge signed a warrant for Room 206 in a hotel in Encinitas, authorizing the search of the room for "[c]ellphones or other electronic devices capable of sending electronic messages such as computers or tablets" and "[d]angerous instruments capable of causing serious bodily injury such as firearms, knives." ECF No. 35 at 5–6; ECF No. 35-2 at 20.

Pokorny raises two arguments concerning the September 8 warrant: that it is invalid on its face because it does not describe the persons or things to be seized, ECF No. 35 at 7, and that it fails the constitutional requirements of probable cause, particularity, and specificity, *id*. at 8.

Pokorny has withdrawn the first argument. ECF No. 51 at 4. As to the second argument, his primary contention is that the categories of information sought were too broad, including "[e]vidence indicating how and when the Account was accessed or used," and "account activity, logs, stored electronic communications, and other data retained by Google." ECF No. 35 at 9. Relatedly, Pokorny argues that the warrant affidavit does not particularly describe the places to be searched because the above categories of information are not limited by any specified criminal offense or strictly confined to the "August 3, 2025 to September 3, 2025" date range. *Id*.

"Particularity is the requirement that the warrant must clearly state what is sought. Breadth deals with the requirement that the scope of the warrant be limited by the probable cause on which the warrant is based." *In re Grand Jury Subpoenas Dated Dec. 10, 1987*, 926 F.2d 847, 856–57 (9th Cir. 1991) (citations omitted). "Like the particularity requirement, [the breadth] requirement prevents a general, exploratory rummaging in a person's belongings.'" *Id*. at 857 (quoting *Andresen v. Maryland*, 427 U.S. 463, 480 (1976)).

There was probable cause to issue the September 8 warrant. Because the threats had been sent from the account described in the warrant, law enforcement officers and the reviewing magistrate were reasonable in concluding that the evidence seized under the warrant was likely to include "evidence of what individuals used or controlled the account, the location of individuals who used or controlled the account, and additional evidence of threatening communications and the intentions of the user of the account" and "subscriber information to identify the account holder as well as location history which could contain information on the location of the user at the time of the crime." ECF No. 46-1 at 13–14. Moreover, law enforcement had also learned, and included in its warrant application, that Pokorny, the account subscriber, was the subject of a protective order served on October 23, 2024 "precluding him from assaulting, threatening, abusing, harassing, following, interfering, or stalking" a victim identified as Individual 1. *Id.* at 13. Because the existence of such an order indicated that Pokorny had engaged in threatening conduct in the past, it increased the likelihood that he was the author of the threatening emails.

On the subject of breadth and particularity, the September 8 warrant affidavit explains that the broad request for account information and usage data was necessary to secure any information that might establish that Pokorny committed the charged offenses—i.e., that he used his own

account.  ECF No. 46-1 at 21–22; ECF No. 45 at 18.  Additionally, the government argues that defining the information sought at a more granular level is not possible, but that the scope was confined strictly by the provided date range.  ECF No. 45 at 17–18.  Indeed, the warrant's account of particular things to seized confines them to a monthlong date range "unless otherwise indicated," and lists no exceptions to the date range.  ECF No. 46-1 at 26.[1]  The September 8 warrant's scope was tailored to the government's needs and Pokorny has not shown that it was overbroad or nonspecific.

Pokorny next argues that both the October 1 state *Ramey* warrant and the October 6 hotel search warrant were not based on probable cause because they linked Pokorny himself to the emails sent to the mayor of Oakland only by the fact that Pokorny was the subscriber of the email account that sent the messages.  ECF No. 35 at 9–10.  The warrant affidavits also noted Pokorny's DUI conviction and some other minor arrests.  *Id*. at 10.  In Pokorny's view, these warrants should have cited evidence that Pokorny "was also logging into his own social media or applications, or texting at a time period close in time to the harassing emails, or that he had a motive to send harassing emails to Oakland city government, or a history of threatening emails."  *Id*.[2]  The government responds that it is a reasonable to infer that the user of the account is the person who created it, especially in the absence of evidence that anyone other than Pokorny ever used his account.  ECF No. 45 at 14–15.

Pokorny relies on *Chism v. Washington*, 661 F.3d 380 (9th Cir. 2011) (en banc), a civil lawsuit concerned with the issue of qualified immunity.  Although that opinion concluded that the use of a certain credit card to pay for domain services for child pornography websites was insufficient to establish probable cause that one of the card's users had committed the child pornography offenses, several features distinguish that case from the present one.  *Id*. at 391.  Importantly, the credit card was shared between the suspect, Todd Chism, and his wife Nicole.  *Id*.

---

[1] Pokorny suggests that references to "all" or "any" data undercuts the date range, but the more reasonable read of these modifiers is to merely permit seizure of "all" or "any" of the information specified *within the date range*.  ECF No. 35 at 9; ECF No. 46-1 at 26.
[2] How the government was supposed to obtain such information in the absence of a warrant, Pokorny does not say.

United States District Court
Northern District of California

at 387. The billing name provided in the transactions was, strangely, "Mr. Nicole Chism" and listed the zip code "ucc16." *Id*. at 384. Moreover, the government possessed evidence that the IP addresses from which criminal websites were created traced to internet subscribers hundreds of miles away from the Chisms' home, suggesting that either Todd Chism did not create the websites, or that he did so using a forged IP address. *Id*. at 390–91. A "convoluted string of inferences" was therefore required to link Todd Chism to the problematic transactions. *Id*. at 391. Here, in light of the evidence described above, and the absence of any evidence that someone other than Pokorny was the account user, no such convolutions are required. The state *Ramey* and hotel search warrants were based on probable cause.

Pokorny also argues that the October 6 affidavit for the state warrant to search the Encinitas hotel room is invalid under *Franks v. Delaware*, which held that a facial showing of probable cause may be negated by material omissions or false statements. 438 U.S. 154, 155–56 (1978); *see also United States v. Stanert*, 762 F.2d 775, 780 (9th Cir. 1985). "To obtain a *Franks* hearing, a defendant must make a substantial preliminary showing that: (1) 'the affiant officer intentionally or recklessly made false or misleading statements or omissions in support of the warrant,' and (2) 'the false or misleading statement or omission was material, i.e., necessary to finding probable cause.'" *United States v. Norris*, 942 F.3d 902, 909–10 (9th Cir. 2019) (quoting *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017)).

Pokorny complains that although the hotel room warrant sought "electronic devices such as cellphones, computers, or other devices capable of sending emails," the affidavit failed to disclose that "officers already had seized Mr. Pokorny's cell phone from the hotel room earlier that day." ECF No. 35 at 13. The argument is without merit. First, the warrant sought electronic devices "such as" cellphones, but also including laptops, tablets, or other communication devices. Second, Pokorny may have had more than one cellphone. An omission is material if, had it been included, "the magistrate would not have issued the warrant," but nothing about this omission leads to that conclusion. *Liston v. County of Riverside*, 120 F.3d 965, 974 (9th Cir. 1997). In addition, Pokorny has made no showing that the affiant officer knew that Pokorny's cell phone had been seized earlier that day, so he fails to meet the "intentional or reckless" requirement for

United States District Court
Northern District of California

4

securing a *Franks* hearing.  *See* ECF No. 45 at 22–23 (pointing to evidence that the affiant was not aware of the cell phone seizure).

Finally, Pokorny argues that the items seized from the hotel room exceeded the scope of the October 6 state warrant, which authorized seizure of: (1) "[c]ellphones or other electronic devices capable of sending electronic messages such as computers or tablets" and (2) "[d]angerous instruments capable of causing serious bodily injury."  ECF No. 35 at 14; ECF No. 35-2 at 20. Officers seized a "handwritten journal on a legal pad" and a thumb drive, neither of which, in Pokorny's view, is "capable of sending electronic messages" or "capable of causing serious bodily injury."  ECF No. 35 at 14.  As to the thumb drive, the government argues that it is a computer within the meaning of 18 U.S.C. § 1030(e)(1), which includes "any data storage facility . . . directly related to or operating in conjunction with" a computer.  ECF No. 45 at 25.  Indeed, even to a layperson, a thumb drive is an "electronic device[] capable of" communicating or transporting, if not "sending," electronic messages.

And although the government appears to concede that the legal pad was outside of the scope of the warrant, they argue that they are entitled to use the photo taken by an agent of the first page, which was in plain view in the hotel room.  *Id.* at 26 (citing *Arizona v. Hicks*, 480 U.S. 321, 326 (1987); *United States v. Issacs*, 708 F.2d 1365, 1370 (9th Cir. 1983)).  However, they have provided no factual support for their position that the plain view exception to the warrant requirement applies.  Although they state that the legal pad had no front cover and contained hand-written notes on the first page, they do not submit a declaration to that effect.  ECF No. 45 at 27. And they do not argue that the "incriminatory nature" of the notes was "immediately apparent." *See United States v. Stafford*, 416 F.3d 1068, 1076 (9th Cir. 2005).

The Court denies the motion to suppress the thumb drive but grants it as to the notebook, including the photograph of the first page.

**IT IS SO ORDERED.**

Dated:  May 8, 2026

_____
JON S. TIGAR
United States District Judge

5

United States District Court
Northern District of California