UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,

v.

DAVID BROOKS POKORNY,
Defendant.

Case No. 26-cr-00018-JST-1

**ORDER DENYING RENEWED MOTION TO DISMISS THE SUPERSEDING INDICTMENT**

Re: ECF No. 69

This case concerns a series of emails that Defendant David Brooks Pokorny allegedly sent to this Court's media email, containing the repeated threat to skin and murder Senior District Judge Charles Breyer. ECF No. 1 ¶¶ 8–19. Pokorny previously moved to dismiss the superseding indictment, arguing that it was secured in violation of the First Amendment because the underlying threats were protected speech. ECF No. 37. The Court denied that motion, applying the Supreme Court's test for "true threats" and concluding that "[t]he content of Pokorny's emails inarguably conveys a threat of violence and not merely a hyperbolic or emotionally charged political message." ECF No. 53 at 5; *see Virginia v. Black*, 538 U.S. 343, 359 (2003). This was so, in part, because the emails described themselves as acts of terrorism, expressed an intent to use terrorism to control California courts and judges, purported to identify a "concrete plan" to do so, and detailed how the threat would be carried out in specific and graphic terms (e.g., by skinning Judge Breyer to death, taking photos, and distributing those photos). *Id*. at 5–6. The volume of email messages (eleven over the course of 45 minutes), Pokorny's account of why he felt entitled to kill Judge Breyer, and the listener's reaction (court employees immediately notified the U.S. Marshals Service) also weighed in favor of finding a true threat. *Id*. at 6–7.

Pokorny simultaneously moved for disclosure of the grand jury evidence and instructions,

arguing that "[t]his prosecution is so imbued with First Amendment concerns that the grand jury's awareness of such delicacy, and its method of distinguishing protected from criminal speech, are relevant and material." ECF No. 36. The Court ultimately authorized disclosure to Pokorny of the legal instructions provided to the grand jury. ECF No. 53 at 12–14; ECF No. 63.

In seeking the original one-count indictment, on January 15, 2026, the government told the grand jury the elements of the sole charged offense under 18 U.S.C. § 115(a)(1)(B): "First, that the defendant threatened to assault or murder a government official; second, the defendant did so with the intent to impede, intimidate, interfere, and retaliate against government officials, on account of their performance of their official duties." ECF No. 69 at 3. The government also instructed the grand jury about, "legally, what constitutes a threat": "So for purposes of the law, a threat is a serious expression conveying the speaker means to commit an act of unlawful violence." *Id*. In seeking the two-count superseding indictment from the same grand jury on March 19, 2026, the government stated the elements of the same § 115(a)(1)(B) offense in substantially the same way. The government defined the elements of the new 18 U.S.C. § 875(c) offense as, "first, the defendant knowingly transmitted, in interstate commerce, an email containing a threat to injure a federal official; and second, the email was transmitted for the purpose of issuing a threat or with knowledge that the email would be viewed as a threat." *Id*. at 3–4. It also told the grand jury that "the government doesn't have to prove that the defendant intended to carry out the threat. It's enough that they made the threat." *Id*. at 4. This time, the government did not give the grand jury any instruction on "legally, what constitutes a threat." *Id*.

Having reviewed the grand jury instructions, Pokorny renews his motion to dismiss. ECF No. 69.[1] He argues that "[t]he government did not provide necessary guidance for the grand jury to distinguish between true threats and constitutionally protected speech when it obtained the indictment and superseding indictment in this case." *Id*. at 2; *see also id*. at 5 (arguing that the instructions failed to provide sufficient detail about the definition of a "true threat" under the First Amendment to "give the grand jury the information it needed to make that constitutionally

[1] In the alternative, Pokorny seeks *in camera* review of the evidence presented to the grand jury. ECF No. 69 at 2–3. That request is denied both for the reasons set forth in this order and because Pokorny cites no authority in support.

required determination”).

Grand juries must determine whether the evidence presented by the government established “probable cause to believe that a crime has been committed.” *Branzburg v. Hayes*, 408 U.S. 665, 686–87 (1972). They also serve to “protect[] citizens against unfounded criminal prosecutions,” *id.*, including those that may be “mistaken” or “vindictive,” *United States v. Claiborne*, 765 F.2d 784, 790 (9th Cir. 1985), *abrogated on other grounds by Ross v. Oklahoma*, 487 U.S. 81 (1988)).

The motion is denied for two reasons. First, the government is not required to present to the grand jury an “analogue to petit jury instructions given at the end of a trial” nor any instructions as to the applicable law. *United States v. Kenny*, 645 F.2d 1323, 1347 (9th Cir. 1981). Rather, “[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on its merits.” *Costello v. United States*, 350 U.S. 359, 363 (1956) (rejecting a challenge asserting that the indictment was based on incompetent evidence). “That indictment is normally prepared by the prosecutor, who is presumably acquainted with the ‘applicable law.’” *Kenny*, 645 F.2d at 1347. The Ninth Circuit has subsequently clarified that “the prosecutor has no duty to outline all the elements of [an offense] so long as the instructions given are not flagrantly misleading or so long as all the elements are at least implied.” *United States v. Larrazolo*, 869 F.2d 1354, 1359 (9th Cir. 1989) (rejecting defendants’ argument that the definition of conspiracy provided to the grand jury “neglected to include the requirements of criminal intent and knowledge”). *See also United States v. Pac. Gas & Elec. Co.*, No. 14-CR-00175-TEH, 2015 WL 9460313, at *6 (N.D. Cal. Dec. 23, 2015) (citing *Kenny* and concluding that “the prosecutor need not provide legal instructions to the grand jury at all”). Critically, a grand jury makes a finding not of guilt but of probable cause, an inquiry for which precise legal instructions have far less value. Because Pokorny does not argue that the instructions were “flagrantly misleading” and because the elements of each offense were “at least implied,” he has identified no error.

United States District Court
Northern District of California

Second, with limited exceptions not present here,[2] the instructions presented to the grand jury are subject to harmless error review. For errors brought to the district court's attention "prior to the conclusion of the trial," "dismissal of the indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988) (quoting *United States v. Mechanik*, 475 U.S. 66, 78 (1986) (O'Connor, J., concurring)); *see United States v. Navarro*, 608 F.3d 529, 539 (9th Cir. 2010) (holding that "if a motion to dismiss is made before the verdict, the district judge should apply the *Bank of Nova Scotia* standard"). Pokorny has not established that the failure to provide more detailed "true threat" instructions in securing the first indictment or the failure to include any such instructions in securing the second indictment prejudiced him at all, much less that it created "grave doubt that the decision to indict was free from the substantial influence" of the asserted violation. In its prior order, the Court considered the emails at issue in depth and, after a lengthy factual and legal analysis, concluded that they satisfy the constitutional definition of "true threats." ECF No. 53. Pokorny's cursory motion does not explain how he was prejudiced or identify any reason to believe the grand jury would have reached a contrary conclusion.

The renewed motion to dismiss, ECF No. 69, is denied.

**IT IS SO ORDERED.**

Dated: September 14, 2026

JON S. TIGAR
United States District Judge

[2] *See Vasquez v. Hillery*, 474 U.S. 254, 263–64 (1986) (racial discrimination in the selection of the grand jury); *Ballard v. United States*, 329 U.S. 187, 195 (1946) (exclusion of women from the grand jury panel).