United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
Plaintiff,
v.
DAVID BROOKS POKORNY,
Defendant.

Case No. 26-cr-00018-JST-1

**PRETRIAL ORDER**

The Court now makes the following rulings regarding the issues discussed at the pretrial conference held October 16, 2026:

1. The Court will give Jury Instructions Numbers 33 and 34 as proposed by the government.

2. The Court will give Jury Instruction Number 35 as set forth in Attachment A to this order.

3. Addressing the government's Motion in Limine No. 1 and the Defendant's Motion in Limine No. 1, the Court will admit all of the emails proffered by the government pursuant to Federal Rule of Evidence 404(b), except Exhibits 10 and 14, which are excluded on 403 grounds. The Court uses the same exhibit numbers as those set forth in the Declaration of AUSA Stejskal, ECF No. 91-1. The Court finds that the probative value of the admitted emails is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

4. The Court will withhold ruling on Exhibits 15, 21, 36, 47, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58 pending the parties' forthcoming stipulation regarding ownership of the email account.

5. Defendant's Motion in Limine No. 2 is denied without prejudice to a timely objection at trial.

6. Defendant's Motion in Limine No. 3 and the government's Motion in Limine No. 8 are granted in part and denied in part. The Court will not take judicial notice of the articles in question, but the government may ask witnesses whether they are aware of prior incidents involving harm to judges or their families. The questions should not be leading, i.e., the government may not ask whether the witness was aware of a specific incident of harm until that incident has been identified by the witness.

7. Defendant's Motion in Limine No. 4 is denied without prejudice to a timely objection at trial.

8. Defendant's Motion in Limine No. 5 is granted in part and denied in part. As discussed at the pretrial conference, witnesses whose reaction to the communications at issue is relevant may testify whether they found the communications threatening. Otherwise, witnesses should generally avoid characterizing the communications as "threats" and should use words like "communications," "messages," or "emails" instead.

9. Defendant's Motion in Limine No. 6 is denied without prejudice to a timely objection at trial.

10. Government Motion in Limine No. 2 is granted. The Defendant has not identified any basis on which the Defendant's belief that his communications were protected by the First Amendment, if he held that belief, is relevant to any defense to the charges in this case.

11. Government Motion in Limine No. 3 is granted. Federal Rule of Evidence 702 requires, for expert opinion testimony to be admissible, that the testimony be "based on sufficient facts or data." *Robinson v. G.D. Searle & Co.*, 286 F. Supp. 2d 1216, 1221 (N.D. Cal. 2003) (quoting Fed. R. Evid. 702). The Defendant has not identified any basis in evidence for Dr. Golbeck's assumption that he was exposed to the social media that is the subject of Dr. Golbeck's opinion. Defendant argues that the Court can find he was exposed to such social media based on the fact that he owned a laptop and a cellular phone. The Court rejects this argument. Nor is *United States v. Rahm*, 993 F.2d 1405 (9th Cir. 1993), helpful to Defendant. First, in that case, the

district court did not exclude the defendant's expert testimony because it lacked a factual basis. Rather, "the court appears to have based the exclusion of [the expert's] testimony upon two erroneous legal premises" regarding the admissibility of psychological testimony. 993 F.2d at 1410. In any event, there *was* a factual basis for the expert's testimony in *Rahm*, given that she had examined the defendant. Here, there is no evidence that Dr. Golbeck reviewed or was aware of the Defendant's social media use.

12. Government Motion in Limine No. 4 is granted without objection.

13. Government Motion in Limine No. 5 is denied without prejudice to a timely objection at trial.

14. The Court grants the government's Motion in Limine No. 6. By agreement of the parties, the ruling applies to both parties.

15. Government Motion in Limine No. 7 is granted. The government's request is consistent with the spirit, and perhaps the letter, of Northern District of California General Order 69, which requires a defendant to file a motion in limine seeking admission of any *Henthorn* material prior to the admission of such material at trial.

**IT IS SO ORDERED.**

Dated: October 19, 2026

JON S. TIGAR
United States District Judge

**ATTACHMENT A**

**JURY INSTRUCTION NO. 35**

**DEFINITION OF "THREAT"**

The defendant is charged in both counts of the superseding indictment with making a threat. The First Amendment to the United States Constitution offers broad protections for speech, including hyperbolic, scathing, and offensive statements regarding public officials. I instruct you, however, that certain statements are not protected by the First Amendment. Serious expressions conveying that a speaker means to commit an act of unlawful violence are not protected by the First Amendment. Such statements are referred to as "true threats."

You may not find the defendant guilty of either charge unless the government proves beyond a reasonable doubt that the defendant made a "true threat." To establish that a communication constituted a "true threat," the government must prove each of the following elements beyond a reasonable doubt:

First, the government must prove that a reasonable recipient would interpret the statement as a serious expression conveying that the speaker means to commit an act of unlawful violence.

In determining whether a reasonable recipient would understand the statement to be a true threat, you should consider the full factual context in which the alleged threat was made, including the surrounding events, the listeners' reaction, and whether the words are conditional. However, a statement may be conditional and still be a threat so long as a reasonable recipient would understand it as such. The speaker or author need not communicate the threat directly to its intended target.

Second, the government must prove that the defendant consciously disregarded a substantial risk that his communication would be viewed as threatening violence.

For each offense, all members of the jury must agree as to which charged communication(s) constituted a "true threat."