UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DAVID BROOKS POKORNY,<br>Defendant. | Case No. 26-cr-00018-JST-1<br><br>**ORDER REQUIRING DISCLOSURE OF HENTHORN MATERIALS**<br><br>Re: ECF No. 105, 109 |

The Government has moved for a determination that certain *Henthorn* materials need not be disclosed. The Government argues that they reflect investigations into citizen complaints that are ongoing and unresolved, and that "'untrustworthy and unsubstantiated allegations'" . . . are not required to be disclosed under *Brady*." ECF No. 105-1 at 4 (*United States v. Chang*, No. 5:16-CR-00047-EJD-1, 2025 WL 2145076, at *8 (N.D. Cal. July 29, 2025)). After giving Defendant only "a general idea of what is being presented to the Court by counsel for the moving party," *see United States v. Carroll*, 891 F. Supp. 2d 1239, 1243 (D.N.M. 2012), the Court invited Defendant to respond.

Having now read both parties' briefs, the Court concludes that the law requires disclosure of "all information favorable to the defense in attempting to impeach the witness, including either disclosure or *in camera* submission of documents reflecting any complaint, investigation or internal administrative or disciplinary proceeding *regardless of whether the complaint or allegation was found to be credible by the agency.*" *United States v. Vega*, No. CR 21-0537-FMO, 2023 WL 4983240, at *2 (C.D. Cal. May 6, 2023) (quoting *United States v. Jack*, No. CR S-07-0266 FCD, 2009 WL 425982, at *2 (E.D. Cal. Feb. 20, 2009); *see United States v. Wilson*, No. 13-CR-01783-001-TUCCKJ, 2014 WL 12693515, at *1 (D. Ariz. Nov. 6, 2014) (quoting *Jack*).

United States District Court
Northern District of California

Furthermore, notwithstanding the *Vega* court's reference to "*in camera* submission," what is required is disclosure. *See Vega*, 2023 WL 4983240, at *2 ("As an initial matter, complaints regarding law enforcement conduct are *discoverable*, regardless of the disposition of the complaints." (emphasis added)) (citing *United States v. Kiszewski*, 877 F.2d 210, 215-16 (2nd Cir. 1989), in which the court found error where district court refused to compel disclosure of personnel files even where "the FBI exonerated [the agent] on the first complaint, issued a letter of reprimand on the second and deemed the other allegations unfounded.").

*Chang* is not persuasive here. The complaint in that case was anonymous, leading the court to conclude that "[t]he anonymous complaint is simply too speculative to constitute favorable *Brady* evidence or to warrant the allocation of resources for further investigation." 2025 WL 2145076, at *8. Stated simply, because the complaint was anonymous, there was no way to determine the truth or falsity of the complaint's allegations. As the court said, "the complaint's allegations are generic and contain no reference to specific events which one could use to confirm the complaint's validity." Those are not the circumstances here.

Accordingly, the Government shall disclose Exhibits A, B, and C to the Declaration of Evan M. Mateer, ECF No. 105-2, forthwith. Consistent with the Court's pretrial order, Defendant shall make an offer of proof and relevance regarding this evidence, outside the presence of the jury, before using it for any purpose. Defendant should also address why the relevance of such evidence is not substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403.

**IT IS SO ORDERED.**

Dated: October 30, 2026

JON S. TIGAR
United States District Judge